The next case before the court is an appeal from a decision of the Merit System Protection Board. It's Rainey v. MSPB, case number 153234. Mr. Gibson, you want five minutes for rebuttal? And then we're going to divide the argument on the other side. Is that right? Yes. Correct. Okay. You may begin. I'm Larry Gibson, counsel for Dr. Timothy Rainey. My associate is Anna Skelton. Chief Judge Roberts in McLean stated that law in absence of a clear showing of contrary legislative intent. That is acknowledged on page 12 of the respondent's brief. They refer to that. That's been the situation since Chrysler in 1979. In this case, as to this right to dissipate, there is no showing of a contrary legislative intent. So therefore, law in this statute includes regulations. So are you saying that we should interpret law differently just because in McLean the interpretation was beneficial to the whistleblower and here it is not? No, I'm saying that in McLean we had a different situation. We had a situation where law was in a clause coupled, in that case, with executive privilege. It is quite clear that one of the situations in which law is interpreted, about the only time, is included only a statute, is when a law is combined with one of three words. When law is in the clause combined with either executive order or the term rule or the term regulation, then law is giving the limited interpretation of meaning only a statute. Chief Judge Roberts explains that. In this case, in McLean... But in McLean, the word law was deemed not to include regulation. That's right. Law was in a provision coupled with executive order. It was a right to disclose. And up above, it was... Well, the two exceptions. You have a right to disclose, except as explicitly prohibited by law or by an executive order. Right in that regulation or rule. And then down below it said, but only by law. But one of the exceptions to the general rule that is articulated by McLean as the word law in a statute means regulations, is those situations where the word law is coupled with regulation, rule, or executive order. There are four things that... First of all, there's no contrary legislative intent, but there are four things that Congress did in this statute to be clear that it intended as to the right to disobey for it to include regulations. First of all, they explicitly defined law to include regulations in a section. If you would turn to page 43 of the blue brief, this is the section dealing with the veteran's preference. The veteran's preference means any of the following provisions of law. And then there are some statutes, and then at the end there are regulations. So this is on page 43 of the blue brief. In this very statute, Congress explicitly included regulations in provisions of law. That's one thing that Congress did here. Secondly, Congress included two other provisions where it uses the law in an obvious generic sense. And interestingly enough, it's the two clauses immediately prior to the right to disobey. What section of the statute are you talking about now? I'm referring to 2302B9C. I call it the right... And let me find it for you, Your Honor. I call it the right to cooperate. B9C? Yes. It's at the top of page 42 of the blue brief. There is the right to cooperate with the inspector general, investigation, et cetera, in accordance with applicable provisions of law. That is a generic use of the word law. There's been no disagreement by the government. It would be... Is anyone to argue that that is intended to be limited just to the statute? Now, one point that seems to be a possible ground for distinguishing between these multiple references to variance on the term law is that in the subsection paragraph that we're talking about here, it doesn't refer to applicable provisions of law. It talks about violating a law. Yes, Your Honor. And a law seems to me at least as a matter of first principles to suggest something perhaps more specific than what lawfully would suggest. If, for example, the language had been for refusing to obey an order that would require the individual to act unlawfully, then we wouldn't be here. I think that seems pretty clear. But Congress chose to say to violate a law, which seems to be narrower potentially at least than just to violate law. Congress was aware, Your Honor, of the general rule of Chrysler that as a general matter, the word law in a statute includes the regulations. They were aware of that. Why didn't they say, indeed, revising to a ban order would violate a law, rule, or regulation? Because, Your Honor, that would then not include executive orders. It would not include court orders. It's very clear that the terms rule, law, or regulation is a limiting. It would be under-inclusive. Throughout the statute, they refer to law, rule, or regulation frequently, not referring to executive order. Yes, and each of those situations when the word law is combined with executive order, or rule, or regulation, in each of those situations, the one that was interpreted in McLean, Your Honor, and Judge Roberts explains that that's one where there was a right to disclose unless explicitly prohibited by law or by an executive order. And Judge Roberts explains that law there must be limited, because if it was given a generic intent, the term executive order would be renuded. So we have one, an explicit provision where I pointed to you earlier, the veteran's preference, where the word law includes regulation. We have here, secondly, these others. I'm not sure I understand why that helps you. I mean, the fact that they knew how to include regulation when they wanted to. It shows that Congress understood exactly what Chief Judge Roberts said, and what has been said consistently, what's said in the jurisdiction of this court. This court can consider a matter arising out of a law of the United States. Of course. This court constantly considers matters arriving out of rules, out of federal executive orders. What is perjury? There's a perjury statute. It's making a false statement. The statute speaks where there's a requirement of oath by law. That's been interpreted to apply to rules. It sets by regulations. To repeat throughout the usage of the word law, it's generic as a general matter, but there's sometimes when it is specific. And the main is when it is, as Judge Roberts pointed out in McLean, coupled with something specific, like law or executive order, or law or rule or regulation. That's throughout the statute. And in all of those situations, the word law is being used no longer generically. But we most often use the word law. I've been teaching law for 43 years. I don't teach statutes, sir. This is a court of law. Do you think that the term law, as you interpret it, would include agency or not even all regulations? The Supreme Court in Chrysler, which establishes this general rule that the plain meaning of the word law includes regulations, talks about substantive regulations, legislative regulations of the type that we have involved here. There are lots of regulations, not even all executive orders. It's pretty clear that not every executive order, but certainly pronouncements of a court are law. In addition to this explicit use of law that I've mentioned to you, I've mentioned just one of the provisions right immediately prior to this one, where obviously the word law is being used generically. Then let's go to the one next ahead of it. The word is lawfully, but this is the right to testify on behalf of someone. And the word is lawfully. That's an obvious generic use of the word law. My question then is why, if Congress intended to have the scope of the refusal right to be as broad as lawfully would suggest, they had a word they'd use 25 words earlier that they could have plugged in there and solved that problem unambiguously. What is a better word? Lawfully is a much better word. We wouldn't be here if they had put lawfully in there instead of violate a law and just said to act unlawfully. Certainly the legislative history is very clear that the purpose of this, this gets to my fourth point, the remedial purpose here is to have government employees acting lawfully. The findings and purpose says that this section is here to help eliminate wrongdoing in government. It doesn't say to help violate or prevent. But there is a lot in the legislative history, to the extent we even get to the legislative history, there's a lot in the legislative history that Congress was trying to draw a balance. They wanted to have the right to disobey, but they also wanted to make sure that it wasn't untethered. And they wanted to make sure that it wasn't completely open-ended because of the need to have some kind of coordination in government. So the mere fact that the whistleblower statute was concerned about lawful activity doesn't mean that this provision in this section is to be read as broadly as you said. Well, Your Honor, the balance was this. As to the rest of the whistleblower statute, the disclosure, the employees protected if the employee reasonably believed that it was proper to disclose. That's the balance that's being taken here. Your Honor, it's very clear the balance is not on the issue of whether it's lawful or not. It's whether there's a reasonable belief. So the employee is not protected. The employee is wrong here. And this order is not unlawful. The employee is not protected. That is the balance. I give on page 12 of my blue brief and 10 hypotheticals of potential wrongdoing. Remember the statute here is to eliminate wrongdoing. There are 10 examples there of wrongdoing. And none of those, if the employee follows the order, none of those involve violations of a statute except the last one, the building code of the statute, which is to obey and grieve. So forget obey and grieve. Those hypotheticals are situations where maybe even the employee likes the illegal order. That assistant U.S. attorney who's told not to turn over data required to be produced by the criminal rules procedure, he may be secretly happy. So to interpret this to not include court orders, decisions of the president and other types of embodiments of the law would defeat the purpose of the Risselblad statute, which is to promote and to eliminate wrongdoing in government. There's not one word in the legislative history that suggests that Congress intended to limit this to statutes. And that is the standard. That is the standard. The word law, every sense Chrysler in a statute includes the regulations in the absence of a clear shoring of contrary legislative. Well, the question here is whether or not the text of the act provides such a clear show. That is the issue, Your Honor. And I think it does. I think the text, especially that veterans preference. Judge Bryson has been pushing you on that and say, why, if you're right, why did this ambiguity get left here? Because if the court, if the Congress had said... Other places in the statute, when they say the word law, you agree it means law. It doesn't mean regulation, ruling. Most places, I don't agree, Your Honor. The only places where I can see that it means statute is when it is combined with a list of other types of law. In every other place in the statute, I believe it's used generically. The only time, that's a pretty consistent convention, that when the word law is, and Chief Judge Roberts explains that, when the word law is combined with regulation or rule or some executive order or some combination thereof, then it takes on the more limited meaning. And in every other place in this statute, and I know it has a generic meaning. As we normally... We're way over your time. We'll give you two minutes for rebuttal. Okay, Mr. Dogger, you have eight minutes. May it please the court. In order to accept the petitioner's theory that law in the statute means any legal authority, we would have to, the court would have to conclude that Congress intended to supersede the Obey Now, Grieve Later rule, which is long established and goes back to this court's predecessor court, the Court of Claims, and... They clearly intended to supersede it, at least in part. The question is, how broad was the superseding? Right. So to say that Congress couldn't have intended to supersede the rule, of course they intended to supersede it. Nobody debates that they did, right? But there is a huge difference between law as defined as a statute and law defined as any binding legal authority. That would even include collective bargaining agreements. And the MSPB would be in the position of refereeing disputes between supervisors and their subordinates about the meaning of provisions of a collective bargaining agreement, for example. Not to mention regulations. Just sweeping in regulations is significant. There's 50 titles to the Code of Federal Regulations. There's some 200 volumes. So just adding sweeping regulations is significant. And so there needs to be given some meaning to the fact that law, rule, regulation is found throughout the Woodsboro Border Protection Act about 20-some times, 9 times in this provision, this Section 2302. Do you think the Constitution is a law? Or is it a statute? We don't advocate a position either way on that. It may well be a law. It would make sense to me. It's not an issue here. It may well be considered a law given that the Constitution is the highest law in the land. As for everything else, executive orders, I think McLean made pretty clear that executive orders are not within the definition of law through the reasoning that it went through. In fact, the court in McLean reasoned that law must mean enactment by Congress rather than just any authority. What do you think of the reference to law in the applicable provisions of law language that's used in B9C? That's the one immediately before the paragraph that is involved here. Does that refer to just statutes? Or does that refer to something broader than just statutes? The consistent reading would be that that also refers to just statutes. I think it's important that the entire Act be read in a clear and consistent manner because when we come to this provision... You wouldn't make the same argument, I take it, with respect to the term lawfully. Well, lawfully... Maybe you would make that argument. What's your argument with respect to lawfully? I think it's a much closer case with the word lawfully. Not really. The word lawfully, you think, doesn't suggest that if it's permissible under a court order, for example, that that would fit within B, testifying or otherwise lawfully assisting an individual. If a court orders you to testify, you testify lawfully, do you not? It could be read to mean... Are you serious? It could be read that way. Yeah, it sure could. I would think that that's kind of a compelling reading, isn't it? I'm even accepting that reading of it as a generic, all-encompassing word. Congress did not choose to use the word lawfully in the provision we're talking about here. Instead, it chose to use the phrase violate a law. What do you do with your adversary's hypotheticals? You can make them go on and on and on. Doesn't it seem unreasonable to you that you have a situation where someone is refusing to obey an order based on a regulation or a ruling? All of this is against the backdrop, and Congress was aware of this, against the backdrop of the obey now, grieve later rule, which does have some built-in exceptions, although they're very narrow exceptions. There's an exception for imminent danger, for example. Many of the hypotheticals in the Petition of Grief deal with imminent danger. For example, someone trying to bring orders to allow a gun through the TSA area at the airport. Well, that would cause imminent danger, so that's within an existing exception to the obey now, grieve later rule. There's another exception for clearly unlawful, and that seems to mean that there's no question between the supervisor and the subordinate that the order is going to violate a law. For example, if my supervisor ordered me to deliver something to the court and he said, go through every red light on the way, we would both understand that he's asking me to do something clearly unlawful. And then the third exception that I've seen in the case law is for irreparable harm, which is where someone is ordered to do something, for example, shred documents, where there's no way to go back in time and fix that. So there were these built-in exceptions. Common law exceptions, I take it. Right, it's in the case law. But what this does, and with the amendment in 2012, is now an employee has the right to file an individual right of action appeal and bring the matter to the MSPB. And so it's not just a matter of reporting a prohibited personnel practice to the Office of Special Counsel, which they must do. They must exhaust. But then if the investigation yields nothing, they now have this right to come to the MSPB. And under the petitioner's reading of the word law, the MSPB would be refereeing just about every dispute imaginable between a supervisor and a subordinate. And in order to find that Congress intended something that far-reaching, it would seem that there would be a less subtle way of stating that than giving law multiple meanings throughout Section 2302. It goes against the presumption that... There's nothing in the 2012 legislation that suggests that Congress had its eye on this problem, right? You mean in the legislative petition? You're making an argument to say, well, they opened the door at the MSPB, they couldn't have possibly meant to open the door for a violation of anything other than just law. There's no discussion in the legislative petition. That's a reasoned argument you're making. Well, I think everything to do with this provision is against the backdrop of the case law involving the Obey Now, Grieve Later rule. And so we can assume that Congress is aware of that rule. It's so well established. But does it really make sense that Congress would want to limit it to just something like going through red lights? I mean, what if you were told to strip search somebody? To be clear, I'm talking about... When I talk about that exception, clearly unlawful, I only mean in the case law. I think that Congress means violations of statutes, which could be fuzzy. I mean, I think there was discussion in the hearings about whether that went too far, violations of statutes. So it doesn't... The MSP will have to referee a little bit here in deciding whether a statute was violated. So that is broader than the existing exception in the case law for clearly unlawful or unlawful on its face, it's phrased different ways. So I think this is a broader right. Does it have to be limited to statute to exclude regulations and rules? Well, that is how... In McLean, that's how the Supreme Court reasoned it. It reasoned that it would have to be an enactment of Congress based on the fact that in B8, you have law used in the same sentence as... There's an or in between law and executive order. So you have, on the one side, you have an act of Congress prohibiting disclosure, on the other side, you have the president prohibiting disclosure, and the court reasoned, well, it only makes sense if this is going to the level of the president, that this isn't... Agency heads cannot prohibit disclosures through regulations. There's a lot more context for the McLean decision than there is for this decision in terms of the language itself, right? There is more context because that language goes back to 1978, whereas we're talking about slightly newer language that was first put in in 1989. However, there's a presumption that we should read statutes in a clear, consistent manner and give identical words, identical meaning each time the word appears in the statute. If time is up, I'm going to eat up Ms. Bond's time. Ms. Bond, you'll have seven minutes. May it please the court. Dr. Rainey's counsel opened argument by arguing that the link here between law, rule, or regulation is too far away from the right to disobey, which includes only law. But the Supreme Court's decision in IRS v. FLRA was confronted with one statutory section that included the word law and another one, approximately three sections later, that included law, rule, or regulation. And even there, when the phrases were in different sections of the same act, the Supreme Court still held that the only reasonable interpretation of Congress using those different terms was that law did not include rule and regulation. So here, the terms are used in much closer proximity. The full list, law, rule, or regulation is used nine times within Section 2302, which contains the right to disobey. It's also used in Subsection B, which contains the right to disobey, and it's included in Subsection B9A specifically, which is mere lines above B9D that contains the right to disobey. So this is much closer than the situation in IRS v. FLRA, and it is in close proximity as the Court held was the case in McLean. What's your response to my question that I asked Mr. Goger, and that is, does law have to be limited to statute in order to exclude rule or regulation? No, I don't think there's any need to resolve that in this case. This case, I think, is best resolved by focusing on the fact that Congress specifically mentioned rule and regulation elsewhere in the statute, and it omitted that in the right to disobey. So to accept Dr. Rainey's position, the Court would have to insert the word rule or regulation into the right to disobey where Congress intentionally omitted it. So is that a better argument than saying that McLean actually decides this issue? Well, McLean, the reasoning in McLean applies here. I mean, I'm not sure I understand your question. Well, McLean had a lot more context in terms of the language that it was analyzing. We just have one word. We don't have it juxtaposed against an executive order, which would imply Congress versus the executive. But here we don't have that. So is your argument really more that because it knew how to mention rules and regulations when it wanted to, Congress, by not mentioning it, must have meant to exclude it? Well, our argument is twofold. McLean did mention the juxtaposition of executive order. But first and foremost in its decision, it addresses this presumption of intentional omission. It notes three instances throughout Section 2302, not just in B.A., not just in the right to disclose. The Supreme Court was focusing on Congress's use of law, rule, or regulation in Section 2302. It expressly mentioned subsection B9A, which is close to B9D, which contains the right to disobey. B9A contains the list, law, rule, or regulation. So the Supreme Court was not focused myopically on the juxtaposition with executive order or even specifically on the right to disclose.  intentionally and repeatedly referring to law, rule, or regulation when it wanted to be inclusive and include all of those terms, but that it referred to law by itself when it wanted to limit and exclude law, rule, or regulation. Let me ask you the same question I asked Mr. Calgary. Suppose that the language of Paragraph D had said for refusing to obey an order that would require the individual to act unlawfully. You wouldn't argue that that limited his protection just to statute, would you? I don't think so. You don't think that it would limit it in that way? I don't think it would limit it in the same way. The most important thing is that Congress was using the list, law, rule, or regulation. Maybe in another case, if Congress elsewhere used lawfully, in compliance with regulation, and in compliance with rule, and then in one section said just lawfully, then there would be maybe an analogy to what we have here. Whereas here, we have the word law by itself. That word has already been interpreted by the Supreme Court. That identical word, not just a root of the word, has been interpreted by the Supreme Court in 2302b8 close to 2302b9. So not only do we have Congress's reasoning in McLean that we can follow here almost point by point, but we also have the presumption of consistent interpretation that Congress will use the same term the same way throughout the statute. I would like to briefly address the argument that this has absurd results. There are several responses. One is that to the extent that any of the examples involve rules or regulation, there would be a right to disclose those kinds of violations. The keystone and heart of the WPA is the right to disclose provision. Congress knew how to be broad and expansive and it did that in the right to disclose by saying employees can disclose any violation of any law, rule, or regulation. That was very broad. In contrast to the right to disobey, which just mentions violation of law by itself. Even better, a law. It makes sense to distinguish between statutes and regulations in that way. Congress could very well have thought that it was best to leave to agency supervisors and managers discretion. Those supervisors and managers frequently have the authority to promulgate regulations and internal agency rules. So it makes sense to vest them with Congress could have thought when it comes to its own legislation and its own enactments, employees cannot be ordered to violate Congress's own legislation. So it's nothing absurd about that. Let me turn your attention back to another paragraph, paragraph C of cooperating with or disclosing information to the inspector general of an agency of special counsel in accordance with applicable provisions of the law. I mean, suppose the Department of Justice, suppose there's no statute. I don't know whether there is or not that governs disclosures to inspector generals. But the Department of Justice, let's say, says that it has regulations that say that you will cooperate with an inquiry of the inspector general. And you do so. Are you not protected there, in your view, by the applicable provisions of law? Do you read, in other words, law there to mean the same thing that you say a law means in D? I think law does. Under the reasoning in McLean and the consistent interpretation, I think it would mean statute there. But I don't necessarily think that would limit the employee's right. I think it would simply mean that as long as the employee, and this is just my own thoughts. It's not an issue here. But I think as long as the employee there is acting in compliance with statute, even if there is no statute. Suppose there is no statute. It may be that there is, I don't know. But if there's no statute that says employees may or must cooperate with inspector generals, there's loads of regulations. Each agency has a regulation of that effect. Are you saying that that person has no protection, even though the regulations of its own agency say you must cooperate? I think that the employee would be protected as long as what they were doing is not inconsistent with the provision of statute. So if it's also consistent with regulation that would So it's in accordance with provisions of law if it's not in going against the provisions of law. That would be the best way to reconcile it with McLean. Wasn't one of the primary points in McLean was that they wanted to protect whistleblowers. They wanted to make sure agencies couldn't pass rules or regulations that prohibited disclosure. So in that case, they were saying we need to carry out Congress' overarching desire to protect whistleblowers. Here, we're doing the opposite, if we accept your argument. Well, there were competing policy interests in McLean just like there are competing policy interests here. The government was arguing in McLean that there were national security concerns with interpreting law the way the Supreme Court ultimately did. And the court in responding to that policy analysis said that's a legitimate policy concern, but we follow what Congress enacted. We're not going to change Congress' legislation simply because of a policy reason. And to be sure, it also mentioned the policy goal of protecting whistleblowers. But it also certainly can't be said that the Supreme Court focused on legislative history. Its focus was plainly on the language of the statute. And the Supreme Court omitted to mention that the Supreme Court omitted to mention that elsewhere in the legislative history, Congress had previously in the rights disclosed, as this court explained in its decision in McLean, the rights disclosed originally had an exception for disclosure specifically prohibited by law, rule, or regulation. And Congress changed that in a later version of the bill to specifically prohibited by law. So that simply shows that Congress knew very well what it was doing when it was using law as opposed to the list. Yet the Supreme Court did not include that legislative history. The Supreme Court's focus definitely was on the plain language. Counsel's affirmance here of the Board's decision. Okay. Thank you. Alright, Counsel. We'll actually give you three minutes. Thank you. First of all, there is no general obey and grieve rule that applies to an order that is illegal. I don't know of any authority that takes any of the that has applied an obey and grieve. And in fact, these are situations here. None of these, the employee would have even incentive to grieve. The employee would just simply comply. But the obey and disagree are labor disputes and matters of that sort. But illegal orders and proper rules that violate regulations, I've never seen the authority. Secondly, we've continued to hear the list described as broad. The list law rule regulation is finite. It's limited. That's why it was not used in the right to disobey because we can look at the statute. We know they at least intended to cover executive orders but probably much more. So Congress did not use the finite list law rule regulation because it was too limiting. It was under inclusive. And finally, I'm still not clear what the government's position is with respect to certain other maps. For example, there's a hypothetical there involving a federal rule of criminal procedure. Well, the brief says, well it might get in. It was enacted pursuant to legislative authority. It has the full force and effect of law. So is the federal acquisition regulation enacted pursuant to legislative authority. It has the full force and effect of law. So I don't know when we get to some rules what their position is. Finally, what is their position as to statute? In the earlier proceedings, the position seemed to be that law meant statute mean an enactment by a legislative body. Now they seem to be saying that it means only federal statute. So are they seriously arguing that federal employees do not have to follow state criminal statutes, state health laws? I mean, talking about defeating the purpose of the statute, the statute was to eliminate wrong doing in government. This interpretation would argue for, would promote, would exactly defeat the purpose of this legislation. This was a remedial legislation where Congress saw a problem and Congress provided a remedy for it and put it in a provision that's surrounded by generic uses of the word law and with the word law meaning statute only in those situations, which there are the limited list of law, rule, and regulation. That's the limitation. But throughout here, the words concept lawfully and law and the legislative history, this was about not encouraging as the current, their position would be, but discouraging the kind of improper conduct that's mentioned in my hypotheticals.